## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| JEVIC HOLDING CORP., *et al.*, ) | Case No. 08-11008 (BLS) |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| In re: ) | |
| ) | |
| CASIMIR CZYZEWSKI, MELVIN L. MYERS, ) | |
| JEFFREY OEHLERS, ARTHUR E. PERIGARD, ) | |
| AND DANIEL C. RICHARDS on behalf of themselves ) | |
| and all others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | Adv. Pro. No. 08-50662 (BLS) |
| v. ) | |
| JEVIC TRANSPORTATION, INC., JEVIC HOLDING ) | |
| CORP., CREEK ROAD PROPERTIES, LLC, SUN ) | |
| CAPITAL PARTNERS, INC., and JOHN DOE'S 1-10 ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF SUN CAPITAL PARTNERS, INC.

Sun Capital Partners, Inc. ("SCP"), for its Answer to the Amended Class Action Adversary Proceeding Complaint (the "Complaint") of Plaintiffs Casimir Czyzewski ("Czyzewski"), Melvin L. Myers ("Myers"), Jeffrey Oehlers ("Oehlers"), Arthur E. Perigard ("Perigard") and Daniel C. Richards ("Richards") (collectively, "Plaintiffs"), individually and as purported representatives of similarly situated former employees of one or more of the Defendants (the "Putative Class Defendants"), states as follows:

## NATURE OF THE ACTION

1.    The Plaintiffs bring this action on behalf of themselves, and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, plant closings ordered by Defendants and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et. seq. and by the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act").

**ANSWER:**    SCP admits that Plaintiffs have brought a claim against SCP pursuant to the Federal WARN Act and the New Jersey WARN Act.  SCP denies that Plaintiffs or any of the individuals they purport to represent were employees of SCP.  To the extent the remaining factual allegations contained in paragraph 1 are directed at SCP, SCP denies each and every such allegation.  Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 1 and, therefore, denies each and every such allegation.  Further, paragraph 1 states legal conclusions to which no response is required.

2.    Plaintiffs and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendants. The New Jersey Plaintiffs and similarly situated employees in New Jersey seek to recover lost wages, benefits and other remuneration, including severance pay equal to one week of pay for each full year of employment. All the Plaintiffs' claims, as well as the claims of all similarly situated employees, are entitled to first priority administrative expense status pursuant to the United States Bankruptcy Code § 503(b)(l)(A).

**ANSWER:**    SCP denies that Plaintiffs or any of the individuals they purport to represent were employees of SCP.  To the extent the allegations contained in paragraph 2 are directed at SCP, SCP denies such payments to or contributions on behalf of Plaintiffs were required of SCP.  To the extent the allegations contained in paragraph 2 describe damages sought by Plaintiffs, SCP admits that the Complaint speaks for itself.  Otherwise, paragraph 2 states legal conclusions to which no response is required.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

**ANSWER:**      Paragraph 3 states legal conclusions to which no response is required.

4.      This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action in which: (1) there are 100 or more members in the Plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

**ANSWER:**      Paragraph 4 states legal conclusions to which no response is required.

5.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

**ANSWER:**      Paragraph 5 states legal conclusions to which no response is required.  To the extent a response is required, SCP admits that Plaintiffs' claim constitutes a core proceeding, but deny Plaintiffs have asserted a valid claim.

6.      Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

**ANSWER:**      Paragraph 6 states legal conclusions to which no response is required.

## THE PARTIES

7.      Plaintiff Casimir Czyzewski, Jr., was employed by Defendants and worked at the Defendants' facility located at 600-700 Creek Road, Delanco, New Jersey (the "Delanco Facility") until his termination on or about May 19, 2008.

**ANSWER:**      To the extent the allegations contained in paragraph 7 are directed at SCP, SCP denies having employed any of the Plaintiffs. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 7 and, therefore, denies each and every such allegation.

8.      Plaintiff Melvin L. Myers was employed by Defendants and worked at the Defendants' facility located at 5340 W. 161 Street, Brook Park, Ohio (the "Brook Park Facility") until his termination on or about May 19, 2008.

**ANSWER:**    To the extent the allegations contained in paragraph 8 are directed at SCP, SCP denies having employed any of the Plaintiffs. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 8 and, therefore, denies each and every such allegation.

9.    Plaintiff Jeffrey Oehlers was employed by Defendants and worked at the Defendants' facility located at 600-700 Creek Road, Delanco, New Jersey (the "Delanco Facility") until his termination on or about May 19, 2008.

**ANSWER:**    To the extent the allegations contained in paragraph 9 are directed at SCP, SCP denies having employed any of the Plaintiffs. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 9 and, therefore, denies each and every such allegation.

10.    Plaintiff Arthur E. Perigard was employed by Defendants and worked at the Defendants' facility located at 6 Pioneer Drive, North Oxford, Massachusetts (the "North Oxford Facility") until his termination on or about May 20, 2008.

**ANSWER:**    To the extent the allegations contained in paragraph 10 are directed at SCP, SCP denies having employed any of the Plaintiffs. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 10 and, therefore, denies each and every such allegation.

11.    Plaintiff Daniel C. Richards was employed by Defendants and worked at the Defendants' facility located at 2900 W. 166th Street, Markham, Illinois (the "Illinois Facility") until his termination on or about May 21, 2008.

**ANSWER:**    To the extent the allegations contained in paragraph 11 are directed at SCP, SCP denies having employed any of the Plaintiffs. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 11 and, therefore, denies each and every such allegation.

12.    Defendants maintained and operated their corporate headquarters at 600-700 Creek Road, Delanco, New Jersey (the "Delanco Facility or Establishment") as those terms are

defined by the New Jersey WARN Act and the WARN Act, and maintained and operated additional facilities and establishments, as those terms are defined by the WARN Act throughout the United States, including: Brook Park, Ohio; Markham, Illinois; and North Oxford, Massachusetts, (collectively the "Facilities").

**ANSWER:**    To the extent the allegations contained in paragraph 12 are directed at SCP, SCP denies each and every such allegation. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 12 and, therefore, denies each and every such allegation. Further, the allegations of paragraph 12 state legal conclusions to which no response is required.

13.    Until on or about May 19, 2008, the Plaintiffs and all similarly situated employees were employed by Defendants and worked at or reported to one of the Facilities.

**ANSWER:**    SCP denies that Plaintiffs or any of the individuals they purport to represent were employees of SCP. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 13 and, therefore, denies each and every such allegation.

14.    Upon information and belief, Debtor Jevic Holding Corp., an affiliate of Defendant Sun Capital Partners, Inc., owns 100% of the common stock of Debtor Jevic Transportation, Inc., and Defendants John Doe's are individuals who employ the workforce at the Establishments and Facilities.

**ANSWER:**    SCP denies that Debtor Jevic Holding Corp. is an affiliate of SCP. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 14 and, therefore, denies each and every such allegation. Further, the allegations of paragraph 14 state legal conclusions to which no response is required.

15.    On May 20, 2008, the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

**ANSWER:**    SCP admits, on information and belief, that Jevic Holding Corp. and Jevic Transportation, Inc. have each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## CLASS ALLEGATIONS, 29 U.S.C. § 2104

16.    Plaintiffs bring this action on their own behalf and pursuant to the WARN Act, and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who worked at or reported to one of the Facilities and were terminated without cause on or about May 19, 2008, within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoff or plant closings ordered by Defendants on May 19, 2008, pursuant to 29 U.S.C. § 2104(a)(5).

**ANSWER:**    SCP admits that Plaintiffs have brought a claim against SCP pursuant to the Federal WARN Act and New Jersey WARN Act and purport to represent similarly situated former employees of one or more of the Putative Class Defendants.  SCP denies that Plaintiffs or any of the individuals they purport to represent were employees of SCP.  SCP denies having ordered a mass layoff or plant closing. To the extent the remaining factual allegations contained in paragraph 16 are directed at SCP, SCP denies each and every such allegation.  Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 16 and, therefore, denies each and every such allegation.  Further, the allegations of paragraph 16 state legal conclusions to which no response is required.

17.    On or about May 19, 2008, Defendants terminated the Plaintiffs' employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he [sic] was entitled to receive 60 days advance written notice under the WARN Act.

**ANSWER:**    SCP denies that Plaintiffs or any of the individuals they purport to represent were employees of SCP.  SCP denies having ordered a mass layoff or plant closing. To the extent the remaining factual allegations contained in paragraph 17 are directed at SCP, SCP denies each and every such allegation.  Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 17 and, therefore, denies each and every

6

such allegation. Further, the allegations of paragraph 17 state legal conclusions to which no response is required.

18.    At or about the time the Plaintiffs were terminated, Defendants terminated approximately 1200 other similarly situated employees at the Facilities (the "other similarly situated former employees").

**ANSWER:**    To the extent the allegations contained in paragraph 18 are directed at SCP, SCP denies having employed any of the Plaintiffs and denies having terminated any of the Plaintiffs. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 18 and, therefore, denies each and every such allegation. Further, the allegations of paragraph 18 state legal conclusions to which no response is required.

19.    Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this action on behalf of themselves and on behalf of each of the other similarly situated former employees.

**ANSWER:**    SCP admits that Plaintiffs have brought a claim against SCP pursuant to the Federal WARN Act and New Jersey WARN Act and purport to represent similarly situated former employees of one or more of the Putative Class Defendants. SCP denies that this is a proper class action. Further, paragraph 19 states legal conclusions to which no response is required.

20.    Each of the other similarly situated former employees is similarly situated to the Plaintiffs with respect to his or her rights under the WARN Act.

**ANSWER:**    SCP denies this is a proper class action. Further, paragraph 20 states legal conclusions to which no response is required.

21.    The Plaintiffs and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

**ANSWER:**    To the extent the allegations contained in paragraph 21 are directed at SCP, SCP denies that Plaintiffs or any of the individuals they purport to represent were employees of SCP. Otherwise, SCP is without sufficient information to admit or deny the

allegations contained in paragraph 21 and, therefore, denies each and every such allegation. Further, paragraph 21 states legal conclusions to which no response is required.

22.    Defendants were required by the WARN Act to give the Plaintiffs and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

**ANSWER:**    SCP denies that Plaintiffs or any of the individuals they purport to represent were employees of SCP.  To the extent the allegations contained in paragraph 22 are directed at SCP, SCP denies each and every such allegation.  Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 22 and, therefore, denies each and every such allegation.  Further, paragraph 22 states legal conclusions to which no response is required.

23.    Prior to their termination, neither the Plaintiffs nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

**ANSWER:**    SCP denies that Plaintiffs or any of the individuals they purport to represent were employees of SCP.  Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 23 and, therefore, denies each and every such allegation. Further, paragraph 23 states legal conclusions to which no response is required.

24.    Defendants failed to pay the Plaintiffs and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage, life insurance coverage, and other employee benefits under COBRA for 60 calendar days from and after the dates of their respective terminations.

**ANSWER:**    SCP denies that Plaintiffs or any of the individuals they purport to represent were employees of SCP.  To the extent the allegations contained in paragraph 24 are directed at SCP, SCP denies such payments to or contributions on behalf of Plaintiffs were required of SCP.  Otherwise, SCP is without sufficient information to admit or deny the

allegations contained in paragraph 24 and, therefore, denies each and every such allegation.

Further, paragraph 24 states legal conclusions to which no response is required.

25.    Defendants, including John Doe's 1 - 10, ordered a termination of operations of the New Jersey Establishments or Facilities without notice on or about May 19, 2008 and failed to pay the New Jersey Plaintiffs (Czyzewski and Oehlers) and New Jersey Class Members compensatory damages and costs of the action as required by PL. 2007, c.212, C.34:21-6 of the New Jersey WARN Act.

**ANSWER:**    To the extent that the allegations contained in paragraph 25 are directed at

SCP, SCP denies the payment of any compensatory damages or costs is required of SCP.  SCP

further denies each and every remaining factual allegation contained in paragraph 25.

Otherwise, SCP is without sufficient information to admit or deny the allegations contained in

paragraph 25 and, therefore, denies each and every such allegation. Further, paragraph 25 states

legal conclusions to which no response is required.

## CLASS ALLEGATIONS, F.R.B.P. 7023 and F.R.C.P. 23

26.    Plaintiffs sue under Rule 7023 of the Federal Rules of Bankruptcy Procedure, and Rule 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about May 19, 2008, were terminated without cause within 30 days of May 19, 2008, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about May 19, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

**ANSWER:**    SCP admits that Plaintiffs purport to represent similarly situated former

employees of one or more of the Putative Class Defendants.  SCP denies this is a proper class

action.  SCP denies that Plaintiffs or any of the individuals they purport to represent were

employees of SCP.  SCP further denies that it owned or operated any of the facilities referenced

in paragraph 26.  To the extent the remaining factual allegations contained in paragraph 26 are

directed at SCP, SCP denies each and every such allegation.  Otherwise, SCP is without

sufficient information to admit or deny the allegations contained in paragraph 26 and, therefore,

denies each and every such allegation. Further, paragraph 26 states legal conclusions to which no response is required.

27.    The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

**ANSWER:**    SCP denies possessing the information specified in paragraph 27. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 27 and, therefore, denies each and every such allegation. Further, paragraph 27 states legal conclusions to which no response is required.

28.    There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

**ANSWER:**    Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, SCP denies this is a proper class action.

29.    The claims of the representative party are typical of the claims of the Class.

**ANSWER:**    Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, SCP denies this is a proper class action.

30.    The representative party will fairly and adequately protect the interests of the Class.

**ANSWER:**    SCP is without sufficient information to admit or deny the allegations contained in paragraph 30 and, therefore, denies each and every such allegation. Further, paragraph 30 states legal conclusions to which no response is required. To the extent a response is required, SCP denies this is a proper class action.

31.    The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

**ANSWER:**    SCP is without sufficient information to admit or deny the allegations

contained in paragraph 31 and, therefore, denies each and every such allegation.  Further,

paragraph 31 states legal conclusions to which no response is required.

32.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy - particularly in the context of WARN Act litigation, where individual plaintiffs and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  Further, no Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act; no litigation concerning the WARN Act has been commenced by any Class Member; and concentrating all the potential litigation concerning the WARN Act rights of the Class Members in this court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class Members.

**ANSWER:**    Paragraph 32 states legal conclusions to which no response is required.

To the extent a response is required, SCP denies this is a proper class action.  Otherwise, SCP is

without sufficient information to admit or deny the allegations contained in paragraph 32 and,

therefore, denies each and every such allegation.

33.    There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a)    whether the Class Members were employees of Defendant who worked at or reported to Defendant's Facilities;

(b)    whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

(c)    whether Defendants paid the Class members 60 days wages and benefits as required by the WARN Act.

**ANSWER:**    Paragraph 33 states legal conclusions to which no response is required.

To the extent a response is required, SCP denies this is a proper class action. With respect to the

specific factual allegations contained in paragraph 33, SCP:

a) denies Plaintiffs or any putative class members were employees of SCP or reported to

SCP's facilities;

11

b) denies SCP can be classified as a "single employer" with respect to any of the Plaintiffs or putative class members and denies having terminated any of the Plaintiffs or putative class members; and

c) denies any payments to or contributions on behalf of Plaintiffs or putative class members were required of SCP.

### CLAMS FOR RELIEF
### First Cause of Action -WARN ACT

34.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:**    SCP reasserts and incorporates by reference its responses to paragraphs 1-33 as if they were contained herein.

35.    At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

**ANSWER:**    SCP admits that it employs more than 100 individuals in the United States who in the aggregate work at least 4,000 hours per week, but denies such individuals include, or included, Plaintiffs or members of the putative class that Plaintiffs purport to represent. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 35 and, therefore, denies each and every such allegation.

36.    At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101(a)(l) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

**ANSWER:**    SCP denies it employs, or employed, any of the Plaintiffs or members of the putative class Plaintiffs purport to represent. SCP further denies ordering a mass layoff or plant closing. To the extent the allegations contained in paragraph 36 are directed at SCP, SCP denies each and every such allegation. Otherwise, SCP is without sufficient information to admit

12

or deny the allegations contained in paragraph 36 and, therefore, denies each and every such allegation. Further, paragraph 36 states legal conclusions to which no response is required.

     37.    The Defendants constituted a "single employer" of the Plaintiffs and the Class Members under the WARN Act in that, among other things:

(a)    The Defendants shared common ownership;

(b)    The Defendants shared common officers and directors;

(c)    All of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and Class Members, including the decision to order the mass layoff or plant closing at the Facilities;

(d)    There was a unity of personnel policies emanating from a common source between Defendants; and

(e)    There was a dependency of operations between Defendants.

    **ANSWER:**    SCP denies that it can be classified as a "single employer" with respect to the Plaintiffs or members of the putative class that Plaintiffs purport to represent. Further, paragraph 37 states legal conclusions to which no response is required.

     38.    On or about May 19, 2008, the Defendants ordered a mass layoff, plant closing or termination at the Facilities, as those terms are defined by 29 U.S.C. § 2101(a)(2).

    **ANSWER:**    To the extent the allegations contained in paragraph 38 are directed at SCP, SCP denies each and every such allegation. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 38 and, therefore, denies each and every such allegation. Further, paragraph 38 states legal conclusions to which no response is required.

     39.    The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101 (a)(8).

    **ANSWER:**    SCP denies that Plaintiffs or any of the individuals they purport to represent were employees of SCP. To the extent the allegations contained in paragraph 39 are

directed at SCP, SCP denies each and every such allegation. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 39 and, therefore, denies each and every such allegation. Further, paragraph 39 states legal conclusions to which no response is required.

40.    The Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facilities.

**ANSWER:**    SCP denies that Plaintiffs or any members of the putative class that Plaintiffs purport to represent were employees of SCP. To the extent the allegations contained in paragraph 40 are directed at SCP, SCP denies each and every such allegation. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 40 and, therefore, denies each and every such allegation. Further, paragraph 40 states legal conclusions to which no response is required.

41.    The Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

**ANSWER:**    SCP denies that Plaintiffs or any members of the putative class that Plaintiffs purport to represent were employees of SCP. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 41 and, therefore, denies each and every such allegation. Further, paragraph 41 states legal conclusions to which no response is required.

42.    Defendants were required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

**ANSWER:**    SCP denies it was required to give Plaintiffs or any members of the putative class that Plaintiffs purport to represent the notice specified in paragraph 42. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 42

and, therefore, denies each and every such allegation. Further, paragraph 42 states legal conclusions to which no response is required.

43.    Defendants failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

**ANSWER:** To the extent the allegations contained in paragraph 43 are directed at SCP, SCP denies it was required to give Plaintiffs or any members of the putative class they purport to represent the notice specified in paragraph 43. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 43 and, therefore, denies each and every such allegation. Further, paragraph 43 states legal conclusions to which no response is required.

44.    The Plaintiffs, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

**ANSWER**: To the extent the allegations contained in paragraph 44 are directed at SCP, SCP denies that Plaintiffs or any members of the putative class they purport to represent were employees of SCP. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 44 and, therefore, denies each and every such allegation. Further, paragraph 44 states legal conclusions to which no response is required.

45.    Defendants failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

**ANSWER:** To the extent the allegations contained in paragraph 45 are directed at SCP, SCP denies such payments to or contributions on behalf of Plaintiffs or any putative class members were required of SCP. Otherwise, SCP is without sufficient information to admit or

deny the allegations contained in paragraph 45 and, therefore, denies each and every such allegation. Further, paragraph 45 states legal conclusions to which no response is required.

46.    Since the Plaintiffs and each of the Class Members seek back-pay attributable to a period of time after the filing of the Debtors' bankruptcy petitions and which arose as the result of the Debtors' violation of federal laws, Plaintiffs' and the Class Members' claims against Defendants are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

**ANSWER:**    SCP denies there are, or could be, any "class members" in relation to SCP. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 46 and, therefore, denies each and every such allegation. Further, paragraph 46 states legal conclusions to which no response is required.

47.    The relief sought in this proceeding is equitable in nature.

**ANSWER:**    The allegations of paragraph 47 state legal conclusions to which no response is required.    To the extent a response is required, the Complaint speaks for itself and SCP denies that Plaintiffs are entitled to the relief requested therein.

## Second Cause of Action - New Jersey WARN Act

48.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:**    SCP reasserts and incorporates by reference its responses to paragraphs 1-47 as if they were contained herein.

49.    At all relevant times, Defendants were individuals or private business entities defined as "employers" under the New Jersey WARN Act and continued to operate as a business until they decided to terminate operations at the Establishment and/or Facilities as defined by PL. 2007, c.212, C.34:21-2.

**ANSWER:**    To the extent the allegations contained in paragraph 49 are directed at SCP, SCP denies each and every such allegation.    Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 49 and, therefore, denies

each and every such allegation.    Further, paragraph 49 states legal conclusions to which no response is required.

50.    On or about May 19, 2008, the Defendants ordered a termination of operations as defined by PL. 2007, c.212, C.34:21-2.

**ANSWER:**    To the extent the allegations contained in paragraph 50 are directed at SCP, SCP denies each and every such allegation.    Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 50 and, therefore, denies each and every such allegation.    Further, paragraph 50 states legal conclusions to which no response is required.

51.    The New Jersey Plaintiffs and the Class Members suffered a termination of employment as defined by PL. 2007, c.212, C.34:21-2, having been terminated by Defendants without cause on their part.

**ANSWER:**    SCP denies having employed any of the Plaintiffs or any members of the putative class they purport to represent, and denies having terminated any of the Plaintiffs or any members of the putative class they purport to represent.    To the extent that the allegations contained in paragraph 51 are directed at SCP, SCP denies each and every such allegation.    Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 51 and, therefore, denies each and every such allegation.    Further, paragraph 51 states legal conclusions to which no response is required.

52.    Defendants were required by the New Jersey WARN Act to give the New Jersey Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

**ANSWER:**    To the extent that the allegations contained in paragraph 52 are directed at SCP, SCP denies it was required to give Plaintiffs or any members of the putative class they purport to represent the notice specified in paragraph 52.    Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 52 and, therefore, denies

each and every such allegation. Further, paragraph 52 states legal conclusions to which no response is required.

53.    Defendants failed to give the New Jersey Plaintiffs and the New Jersey Class Members written notice that complied with the requirements of the New Jersey WARN Act.

**ANSWER:**    To the extent that the allegations contained in paragraph 53 are directed at SCP, SCP denies it was required to give Plaintiffs or the putative class members they purport to represent the notice specified in paragraph 53. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 53 and, therefore, denies each and every such allegation. Further, paragraph 53 states legal conclusions to which no response is required.

54.    Defendants failed to pay the New Jersey Plaintiffs and each of the New Jersey Class Members their respective lost wages, benefits and other remuneration, including severance pay equal to one week of pay for each full year of employment.

**ANSWER:**    To the extent that the allegations contained in paragraph 54 are directed at SCP, SCP denies such payments to or contributions on behalf of Plaintiffs or the putative class members they purport to represent were required of SCP. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 54 and, therefore denies each and every such allegation. Further, paragraph 54 states legal conclusions to which no response is required.

55.    The New Jersey Plaintiffs have informed the State of New Jersey Department of Labor and Workforce Development of this action.

**ANSWER:**    SCP is without sufficient information to admit or deny the allegations contained in paragraph 55 and, therefore, denies each and every such allegation.

56.    Since the New Jersey Plaintiffs and each of the New Jersey Class Members seek lost wages, benefits and other remuneration, including severance attributable to a period of time after the filing of the Debtors' bankruptcy petitions and which arose as the result of the Debtors' violation of New Jersey law and the New Jersey Class Members' claims against Defendants are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

**ANSWER:**    SCP denies there are, or could be, any "class members" in relation to SCP. Otherwise, SCP is without sufficient information to admit or deny the allegations contained in paragraph 56 and, therefore, denies each and every such allegation. Further, paragraph 56 states legal conclusions to which no response is required.

57.    The relief sought in this proceeding is equitable in nature.

**ANSWER:**    The allegations of paragraph 57 state legal conclusions to which no response is required. To the extent a response is required, the Complaint speaks for itself and SCP denies that Plaintiffs are entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

As separate and additional defenses, SCP alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed as against SCP for failure to state a claim for which relief may be granted. The Complaint fails to properly allege all of the elements necessary to state a cause of action against SCP for violation of the Federal and New Jersey WARN Acts as a "single employer" as required by 29 U.S.C. § 2101-2109 and N.J.S.A. 34:21-1 - 34:21-7.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is subject to dismissal to the extent that it fails to properly name the Defendants to this action, fails to properly set forth jurisdictional allegations relating to each Plaintiff, or alternatively, fails to satisfy the requirements to bring this action on behalf of a class.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by estoppel, laches and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against SCP are barred on the grounds that SCP was not Plaintiffs' "employer" as that term is defined in the Federal and New Jersey WARN Acts.

19

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' WARN claims are barred because SCP was not required to provide notice to Plaintiffs pursuant to the Federal and New Jersey WARN Acts and, on information and belief, Jevic was exempt from providing notice under the Federal and New Jersey WARN Acts on the grounds that, at the time that Plaintiffs were terminated and before, Jevic was actively seeking capital or business that, if obtained, may have enabled it to avoid or postpone a "plant closing" and, on information and belief, Jevic reasonably and in good faith believed that providing such notice would have prevented Jevic from obtaining the needed capital or business.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' WARN claims are barred because SCP was not required to provide notice to Plaintiffs pursuant to the Federal and New Jersey WARN Acts. On information and belief, Jevic was exempt from providing such notice under the Federal and New Jersey WARN Acts on the grounds that Jevic constituted a "faltering company" and/or that the Jevic closing and/or Plaintiffs' termination was caused by business circumstances that were not reasonably foreseeable at the time the notice would have been required.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to satisfy conditions precedent to bringing its WARN claims.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because SCP was not required to provide notice to Plaintiffs pursuant to the Federal and New Jersey WARN Acts. On information and belief, Jevic was exempt from providing such notice under the Federal and New Jersey WARN Acts on the grounds that Jevic acted in good faith and had reasonable grounds for believing that its alleged acts and omissions were not a violation of the WARN Act.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover ERISA benefits to the extent that Plaintiffs have failed to exhaust administrative remedies prior to filing the instant action and have otherwise failed to satisfy the requirements under ERISA, and because the benefits alleged by Plaintiffs are not proper under the Federal and New Jersey WARN Acts.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover the damages they seek in their Complaint because the alleged damages exceed the permissible damages prescribed by the Federal and New Jersey WARN Acts.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover the entirety of the damages they seek in their Complaint because Plaintiffs had a duty to mitigate their damages.

### TWELFTH AFFIRMATIVE DEFENSE

SCP is entitled to a setoff for all wages, benefits, unemployment compensation and all amounts Plaintiffs and similarly situated individuals have received as compensation for any reason since the date(s) of their terminations.

### THIRTEENTH AFFIRMATIVE DEFENSE

SCP is entitled to recoup from Plaintiffs and similarly situated individuals all wages, benefits, unemployment compensation or other compensation or payment received by Plaintiffs and similarly situated individuals from the Jevic Defendants, or any other person or entity acting on their behalf, since the date(s) of Plaintiffs' termination or the date(s) when Plaintiffs allege the Jevic Defendants and/or SCP was required to provide Plaintiffs with notice pursuant to the Federal and New Jersey WARN Acts.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claim and cause of action asserted against SCP in this Complaint is barred, in whole or in part, because it would result in unjust enrichment to Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

The putative class includes employees who received WARN notification or who were otherwise excluded from the WARN notification requirement, thus prohibiting them from recovering under the Federal and New Jersey WARN Acts.

WHEREFORE, SCP respectfully requests: (i) judgment dismissing the Complaint with prejudice; (ii) upon trial of this matter, judgment denying all relief requested by Plaintiffs and granting SCP attorneys fees and costs in defending against Plaintiffs' Complaint; and (iii) such other and further relief as this Court deems just and equitable.

Dated: July 7, 2008

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP

Robert J. Dehney (DE Bar No. 3578)
Curtis S. Miller (DE Bar No. 4583)
Thomas F. Driscoll III (DE Bar No. 4703)
1201 North Market Street, 18th Floor
Wilmington, DE  19899
Telephone:  (302) 351-9353
Facsimile:   (302) 425-4673

and

KIRKLAND & ELLIS LLP
James P. Gillespie (*Pro Hac Vice forthcoming*)
Gary D. Anderson (*Pro Hac Vice forthcoming*)
Amanda C. Basta (*Pro Hac Vice forthcoming*)
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C.  20005

Telephone:  (202) 879-5000
Facsimile:    (202) 879-5200
*Counsel for*
Sun Capital Partners, Inc.